IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHA SHEIKH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 4:16-CV-3735 |
| vs. | § | |
| | § | |
| WELLS FARGO BANK NATIONAL | § | |
| ASSOCIATION & | § | TRIAL BY JURY DEMANDED |
| WELLS FARGO BANK TEXAS | § | |
| NATIONAL ASSOCIATION & | § | |
| WELLS FARGO BANK (TEXAS) N A & | § | |
| WELLS FARGO & COMPANY | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

MAHA SHEIKH, (hereinafter "Plaintiff"), complains of WELLS FARGO BANK NATIONAL ASSOCIATION, WELLS FARGO BANK TEXAS NATIONAL ASSOCIATION, WELLS FARGO BANK (TEXAS) N A, and WELLS FARGO & COMPANY (hereinafter "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1.  Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2.  Plaintiff files this Complaint and complains about discrimination on the basis of race and national origin under Title VII of Civil Rights Act of 1964, as amended ("Title VII").

3. Plaintiff files this Complaint and complains about discrimination on the basis of race and national origin, under 42 USC §1981, as amended.

4. Plaintiff files this Complaint and complains about discrimination on the basis of disability under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA" and "ADAAA").

5. Plaintiff files this Complaint and complains of intentional infliction of emotional distress.

6. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

7. Plaintiff, MAHA SHEIKH, is a resident of Houston, Texas.

8. Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, Corporation Service Company, 211 E. 7th St, Suite 620, Austin, TX, 78701.

9. Defendant, WELLS FARGO BANK TEXAS NATIONAL ASSOCIATION, is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, Sue Shelburne, 12941 I-45 North, Houston, TX 77060.

10. Defendant, WELLS FARGO BANK (TEXAS) N A, is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, Lloyd Rinehart, 1500 Broadway, Lubbock, TX, 79408.

11. Defendant, WELLS FARGO & COMPANY, is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent.

**VENUE**

12. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

**JURISDICTION**

13. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII, as amended, and under 42 U.S.C. § 1981, for employment discrimination on the basis of race, national origin, and disability.

14. The unlawful employment practices were committed within the jurisdiction of this Court.

**PROCEDURAL REQUISITES**

15. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue her claims.

16. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about June 21, 2016.

17. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit on her claims of discrimination based on race, national origin, and disability on September 29, 2016.

18. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

**FACTS**

19. Plaintiff began working for Defendants in April, 2012 at a Wells Fargo branch location in Katy, Texas. When she was terminated by Defendants on December 11, 2015, her job title was personal banker. Plaintiff was fully qualified to do her job and never had any performance issues.

20. Plaintiff is Middle Eastern.

21. Plaintiff is Indian and Pakistani.

22. Plaintiff has a disability, as described in her EEOC Charge, that causes headaches, dizziness, and blurred vision. Plaintiff's disability required her to take prescription medication.

23. Plaintiff's primary supervisor was Blanca Alquicira ("Alquicira"), Branch Manager of Defendant. Alquicira is Hispanic.

24. Plaintiff was regularly intimidated and harassed by Alquicira, her primary supervisor, for taking breaks due to her disability.

25. Plaintiff informed Alquicira of her disability.

26. Alquicira was aware of Plaintiff's disability at the times she intimidated and harassed Plaintiff about her disability.

27. Plaintiff was regularly harassed by Alquicira, her primary supervisor, based on her race and national origin.

28. Alquicira made comments to Plaintiff that she, Alquicira, could easily run the bank without Plaintiff because she is not a Spanish speaker.

29. Plaintiff was terminated by Defendants on December 11, 2015 for allegedly participating in "gaming," even though other personal bankers frequently participated in this practice, and Plaintiff was unaware that this policy was a violation.

30. Defendants alleged the reason for Plaintiff's termination was inappropriately inputting bank tellers' information and providing bank tellers with her information in order to receive additional compensation.

31. "Gaming" was a regular practice by the Wells Fargo branch in Katy, Texas and was similar to other "games" or alleged frauds that Defendants have engaged in over the past several years, all condoned by Defendants' supervisors and managers.

32. Plaintiff never input or received referrals for same day walk-in customers during her employment; Plaintiff input bank tellers' information and provided bank tellers her information for referrals at the direction of Alquicira.

33. Plaintiff and other personal bankers input bank teller information and participated in "gaming" at the direction of Alquicira and the branch's Service Manager, Wanda Brunette. Plaintiff was used as a scape-goat and fired because Defendants did not like her due to her race, national origin, and disability.

34. Plaintiff complained about race and national origin discrimination and Alquicira's preferential treatment to Hispanic employees to Human Resources at Defendants during her termination appeal with the Wells Fargo dispute resolution process. Defendants' Human Resources did not address her discrimination claim.

## COUNT I

## DISCRIMINATION BASED ON RACE UNDER TITLE VII

35. Plaintiff re-alleges and incorporates into count one, paragraphs 1-23, and 27-34.

36. Defendants, by and through their agents and employees, especially Blanca Alquicira, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff because of her race, by harassing her due to race and then by firing her due to her race.

37. Defendants, by and through their agents, especially Blanca Alquicira, have maintained a policy of race discrimination in violation of the foregoing statute against Plaintiff.

38. If Plaintiff were not Middle Eastern and Indian/Pakistani, she would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT II

## DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER TITLE VII

39. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 23, and 27-34.

40. Defendants, by and through their agents and employees, especially Blanca Alquicira, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff because of her national origin.

41. Defendants, by and through their agents, especially Blanca Alquicira, have maintained a policy of national origin discrimination in violation of the foregoing statute against Plaintiff.

42. If Plaintiff were not Middle Eastern and Indian/Pakistani, she would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT III

### DISCRIMINATION BASED ON RACE UNDER 42 USC §1981

43. Plaintiff re-alleges and incorporates into count three, paragraphs 1 to 23, and 27-34. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 USC §1981, as amended.

44. Defendants, by and through their agents, have maintained a policy of race discrimination, as part of the terms and conditions of Plaintiff's employment contract with Defendants, in violation of the foregoing statute against Plaintiff.

45. If Plaintiff were not Middle Eastern and Indian/Pakistani, but rather a white citizen, she would not have been terminated or harassed because of her race.

## COUNT IV

### DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42 USC §1981

46. Plaintiff re-alleges and incorporates into count four, paragraphs 1 to 23, and 27-34. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 USC §1981, as amended.

47. Defendants, by and through their agents, have maintained a policy of national origin discrimination, as part of the terms and conditions of Plaintiff's employment contract with Defendants, in violation of the foregoing statute against Plaintiff.

48. If Plaintiff were not Middle Eastern and Indian/Pakistani, she would not have been terminated or harassed due to her national origin.

## COUNT V

### TERMINATION BASED ON DISABILITY UNDER THE ADA/ADAAA

49. Plaintiff re-alleges and incorporates into count five, paragraphs 1 to 26, and 29-34.

50. Defendants, by and through their agents and employees, especially Blanca Alquicira, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADA and harassed Plaintiff because of her disability and terminated Plaintiff because of her disability.

51. Blanca Alquicira frequently denied Plaintiff reasonable accommodation in regards to breaks for her headaches, and for the purpose of taking prescribed medication.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff re-alleges and incorporates into count six, paragraphs 1 to 51.

53. Defendants, by and through their agents and employees, especially Blanca Alquicira, intentionally inflicted emotional distress upon Plaintiff by acting in an extreme and outrageous manner, described in paragraphs 1 to 51, above, towards Plaintiff and causing her severe emotional distress.

### DAMAGES

54. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

### EXEMPLARY DAMAGES

55. Defendants' actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress,

pain and suffering. The wrongs done by the Defendants were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

56. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

57. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

58. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII.

59. Plaintiff especially seeks a mandatory injunction ordering Defendants to reinstate Plaintiff to her job.

60. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

    a. allocation of significant funding and trained staff to implement all changes within two years;

    b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

    f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal; and

    g. reinstating Plaintiff to her position.

## PRAYER

61. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

  a. Back Pay;

  b. Pre-Judgment Interest on Back Pay;

  c. Front Pay;

  d. Compensatory Damages, including but not limited to emotional distress;

  e. Punitive Damages;

f. Injunctive and Affirmative Relief;

g. Attorney's Fees and Costs;

h. Pain and suffering;

i. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Respectfully submitted,

*/s/BAC*

**COANE AND ASSOCIATES, PLLC**

Bruce A. Coane, S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

*ATTORNEY FOR PLAINTIFF*